**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3055
_____

QUINTEZ TALLEY,
                                        Appellant

v.

JOHN E. WETZEL; ATTORNEY GENERAL'S OFFICE;
DEPARTMENT OF CORRECTIONS;
BRUCE R. BEEMER; SHARON K. ROGERS; JESSICA S.
DAVIS; CALEB ENERSON; ROBERT D. GILMORE;
TRACY SHAWLEY; MINDY ANDRETTI;
TAMMY FERGUSON; RODNEY CHISM; DAVID LINK;
KEVIN MCELWAIN; ROBERT WILLIAMSON;
MICHAEL WORSTELL; MICHAEL LEFEBVRE;
RONALD HAGG; DUSTIN POPE; DEAN BOWMAN;
THOMAS SUCHTA; JOSHUA GLESSNER; DANIEL
MOSES; ROBERT SMITH; GERALD CRISWELL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-18-cv-00868)
District Judge: Honorable James M. Munley
_____

Argued July 15, 2021

_____


Before: McKEE, GREENAWAY, JR., and RESTREPO,
*Circuit Judges*.

(Opinion Filed: September 27, 2021)

Quintez Talley
Fayette SCI
50 Overlook Drive
LaBelle, PA 15450
        *Appellant*


Josh Shapiro, Attorney General
Michael J. Scarinci [*ARGUED*]
Nicole R. Ditomo
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA 17120
        *Attorneys for Appellees*


Andrew M. Buttaro [*ARGUED*]
Jonathan M. Albano
Morgan Lewis & Bockius
One Federal Street
Boston, MA 02110
        *Court Appointed Amicus Curiae*


_____


OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

In Major League Baseball, an umpire calls a "strike." Three strikes and the batter is out. Similarly, the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, which provides that prisoners may proceed in federal court without prepayment of filing fees, contains a "three-strikes rule." Courts may call a strike when a prisoner's "action or appeal . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). Three strikes and the prisoner cannot proceed IFP unless other conditions are present. *See id.*

The threshold question presented by the instant appeal is whether Appellant Quintez Talley has accrued three strikes. Appellees[1] contend that Talley has at least three strikes based on prior "mixed dismissals" where various district courts dismissed Talley's federal claims on grounds enumerated in § 1915(g) and declined to exercise supplemental jurisdiction over Talley's state law claims. We hold that such mixed dismissals are not strikes.

---

[1] The following individuals are Appellees: John E. Wetzel, the Pennsylvania Office of Attorney General, the Pennsylvania Department of Corrections, Bruce Beemer, Sharon Rogers, Jessica Davis, Caleb Enerson, Robert Gilmore, Tracy Shawley, Mindy Andretti, Tammy Ferguson, Rodney Chism, David Link, Kevin McElwain, Robert Williamson, Michael Worstell, Michael Lefebvre, Ronald Hagg, Dustin Pope, Dean Bowman, Thomas Suchta, Joshua Glessner, Daniel Moses, Robert Smith, and Gerald Criswell.

Although we are not umpires, we conclude that Talley has not struck out. We will grant his motion for IFP status.

On the merits of his appeal, Talley objects to the District Court's grant of Appellees' motion to dismiss and its denial of his motion to amend. We will affirm the District Court's judgment.

## I. Background

Talley is a prisoner currently incarcerated in a state prison in Pennsylvania. The instant suit arises out of the settlement of two of Talley's prior suits: *Talley v. Glessner* (*Talley I*), No. 15-cv-00407 (M.D. Pa.); and *Talley v. Wetzel* (*Talley II*), No. 15-cv-01170 (M.D. Pa.). Talley signed a settlement agreement resolving both cases (the "Settlement Agreement"). He alleges that the Settlement Agreement was fraudulent because Jessica Davis and Sharon Rogers, both of whom are attorneys, had not entered a "'proper' appearance" on behalf of Michael Worstell, a defendant in *Talley II*. Compl. ¶¶ 22, 23. Talley also alleges that another attorney, Caleb Enerson, breached the Settlement Agreement when he filed the Settlement Agreement as an exhibit to a motion in *Talley II*.

Talley asserts a claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, as well as claims for violations of the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution. Talley also brings numerous state law claims: defamation, breach of contract, conversion, promissory estoppel, fraud/deceit, coercion, and legal malpractice. Talley alleges that Appellees engaged in a conspiracy to violate federal and state law.

4

Appellees moved to dismiss Talley's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Talley moved to amend. In a report and recommendation, Magistrate Judge Karoline Mehalchick recommended that the District Court grant the motion to dismiss and deny the motion to amend. Overruling Talley's objections, the District Court adopted the Magistrate Judge's recommendations, finding that (1) Talley's claims related to the alleged falsity of the Settlement Agreement were subject to dismissal because Davis had entered a permissible appearance on behalf of Worstell by signing and filing an answer on behalf of Worstell and other defendants, and (2) Talley's RICO and constitutional claims were meritless because the Settlement Agreement was never actually filed on the docket. The District Court denied Talley leave to amend his federal claims, finding that because the claims were meritless, amendment of Talley's complaint would be futile. The District Court declined to exercise supplemental jurisdiction over Talley's state law claims, dismissing them without prejudice. This timely appeal followed.

On September 27, 2019, Talley moved to proceed IFP in this appeal. Appellees opposed Talley's motion, arguing that Talley had accumulated three strikes under § 1915(g). A two-judge panel appointed *amicus curiae* on behalf of Talley to address "whether a strike accrues where a district court dismisses a prisoner's federal claims on one or more grounds covered by § 1915(g) but declines to exercise supplemental

jurisdiction over the prisoner's state-law claims."[2]  Talley's IFP motion was referred to this merits panel.

## II.  Jurisdiction

The District Court had jurisdiction over Talley's RICO and constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Talley's state law claims pursuant to 28 U.S.C. § 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.  Discussion

Before we address the merits of Talley's appeal, we must determine whether he can proceed IFP.

## A.  <u>Talley's IFP</u>

Appellees contend that Talley accumulated a strike in each of the following matters:[3]

---

[2] We thank *amicus curiae*, Andrew M. Buttaro, Esq. and Jonathan M. Albano, Esq. for their superb advocacy in this case.

[3] In their initial response to Talley's IFP motion, Appellees also argued that Talley accrued a strike in *Talley v. Clark*, No. 18-5316 (E.D. Pa.).  Talley appealed the district court's dismissal, and we reversed and remanded the district court's order.  *See Talley v. Clark*, No. 20-1298, 2021 WL 1400911, at *5 (3d Cir. Apr. 14, 2021).  Appellees, accordingly, no longer rely on the district court's disposition of that case as a strike.

1.    *Talley v. Varner* ("*Varner I*"), No. 3:17-cv-965 (M.D. Pa.), in which the "district court dismissed all of [Talley's] federal law claims with prejudice for failure to state a claim under Rule 12(b)(6), but, 'to the extent that the amended complaint assert[ed] any state law causes of action,'" the district court declined to exercise jurisdiction over those causes of action.  Appellees' IFP Resp. 7 (quoting *Varner I*, No. 3:17-cv-965, 2019 WL 1405403, at *5 (M.D. Pa. Mar. 28, 2019)).

2.    *Talley v. Varner* ("*Varner II*"), No. 19-1827 (3d Cir.) in which we summarily affirmed the district court's dismissal of Talley's federal claims in *Varner I*.  *See Talley v. Varner*, 786 F. App'x 326 (3d Cir. 2019).

3.    *Talley v. Mazzocca*, No. 19-00161 (W.D. Pa.), in which the district court dismissed Talley's federal claims with prejudice for "failure to state a claim pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A" and dismissed his state law claims without prejudice for "want of jurisdiction."  Appellees' Merits Br. 11; *Talley v. Mazzocca,* No. CV 19-161, 2019 WL 2024829, at *1 (W.D. Pa. May 8, 2019).

Appellees describe the dismissals in the instant suit, *Varner I*, and *Talley v. Mazzocca* as "mixed dismissals" and contend such dismissals are strikes.[4]  Appellees' Merits Br. 11. The question before us is whether mixed dismissals—where a district court dismisses a prisoner's federal claims on grounds

---

[4] Appellees contend that Talley has three other strikes resulting from mixed dismissals in: *Talley v. Pa. Dep't of Corr.*, No. 18-cv-1685 (W.D. Pa.); *Talley v. Clark*, No. 18-5315 (E.D. Pa.); and *Talley v. Pa. Dep't of Corr.*, No. 19-1589 (E.D. Pa.).

7

enumerated in § 1915(g) and declines to exercise supplemental jurisdiction over the prisoner's state law claims—count as strikes. Appellees' IFP Resp. 8–9.

Amici explain that the text of § 1915(g) "plainly states what qualifies as a strike—a prior 'action or appeal' brought by the prisoner 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Amicus Br. 12 (quoting 28 U.S.C. § 1915(g)). Because "these three grounds are the only grounds that can render a dismissal a strike," Talley's prior mixed dismissals should not count as strikes. Amicus Br. 12–13. Talley advances the same argument. We agree with Amici and Talley.

Our analysis of whether mixed dismissals count as strikes "begins, and pretty much ends, with the text of Section 1915(g)." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020). We begin, as we must, with the statutory text. *See A.A. v. Att'y Gen. United States*, 973 F.3d 171, 180 (3d Cir. 2020) ("We 'presume[] that Congress expresse[d] its intent through the ordinary meaning of its language,' so 'every exercise of statutory interpretation begins with an examination of the plain language of the statute.'" (alterations in original) (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 302 (3d Cir. 2011))).

Section 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought *an action or*

8

*appeal* in a court of the United States *that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  The emphasized statutory language has a plain meaning and permits only one interpretation—a strike accrues when an "action or appeal" was dismissed on one or more of the three enumerated grounds: if the action or appeal is (1) "frivolous," (2) "malicious," or (3) "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

Thus, the plain text of § 1915(g) precludes Appellees' view that a mixed dismissal is a strike.  That is because a mixed dismissal is not a dismissal of the action on one or more of the three enumerated grounds.  Rather, a mixed dismissal is a dismissal of a portion of the action on enumerated grounds and dismissal of the remainder of the action on grounds other than the enumerated grounds.  In other words, a mixed dismissal does not comply with the rule we announced in *Byrd v. Shannon*, "a strike under § 1915(g) will accrue only if the *entire action or appeal* is . . . dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim[.]'"  715 F.3d 117, 126 (3d Cir. 2013) (emphasis added) (quoting 28 U.S.C. § 1915(g)).

The D.C. Circuit and the Ninth Circuit have reached the same conclusion—a mixed dismissal is not a strike.  *See Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1150–51 (D.C. Cir. 2017); *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019).  Four other Circuit Courts have considered whether a

9

dismissal on grounds enumerated in § 1915(g), in part, and grounds not enumerated in § 1915(g), in part, are not strikes. *See Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010); *Tolbert v. Stevenson*, 635 F.3d 646, 652 (4th Cir. 2011); *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017); *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019).

Despite the plain text of § 1915(g), our holding in *Byrd*, and the weight of authority from our sister Circuits, Appellees advance four unpersuasive arguments in support of their view that a mixed dismissal is a strike. We address each in turn.

*First*, Appellees contend that when a district court dismisses a prisoner's federal claims, "the 'entire action' has been dismissed, because, under this Court's jurisprudence, the district court has lost jurisdiction over any pendent state law claims and any assertion to the contrary would itself be frivolous." Appellees' IFP Resp. 3–4; *see* Appellees' Merits Br. 21–22 (clarifying that their use of the phrase "entire action" is a reference to *Byrd*). Appellees' interpretation of the phrase "entire action," in effect, invites us to limit the statutory phrase "an action or appeal" to only refer to a prisoner's federal claims. But we have previously interpreted the meaning of "an action or appeal" more broadly and rejected a party's attempt to limit the plain meaning of the text. *See Byrd*, 715 F.3d at 121.

In *Byrd*, the prisoner argued that two prior actions, which were dismissed for failure to state a claim, were not strikes because he did not proceed IFP in those actions. 715 F.3d at 121. We found that "the statutory language has a reasonably plain meaning—'an action or appeal' is not limited to an IFP action or appeal; rather, it refers to both IFP and non-IFP actions or appeals." *Id.* at 123. We rejected the prisoner's

10

argument because the text of § 1915(g) did not allow for his proffered interpretation. *Id.* at 124 ("Congress could have easily differentiated between IFP and non-IFP actions or appeals in the language of § 1915(g), but it did not."). Here, we reach the same conclusion—"an action or appeal" has a reasonably plain meaning, which does not allow for Appellees' proposed limitation.

Appellees' argument in favor of a limited interpretation of "an action or appeal" mistakenly relies on our precedent addressing a district court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c). We have stated that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims *unless* considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Appellees interpret this precedent, particularly the use of the word "must," to "underscore[] the district court's lack of discretion in these circumstances, particularly when the dismissal is before trial." Appellees' Merits Br. 23. But Appellees' interpretation of our precedent elides a district court's discretion to consider factors of "judicial economy, convenience, and fairness to the parties" when deciding whether to exercise supplemental jurisdiction. *See, e.g.*, *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999) ("This administrative decision is left to the sound discretion of the district court, and we review such determinations for abuse of discretion, focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity."); *N. Sound Cap. LLC v.*

11

*Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (leaving for the district court to determine whether to exercise supplemental jurisdiction over the plaintiffs' state law claims when the suits were pending for more than five years and had resulted in two appeals); *see also* Charles Alan Wright *et al.*, 13D Fed. Prac. & Proc. § 3567.3 (3d ed. 2019) ("The fact that dismissal under § 1367(c) is discretionary—and not jurisdictional—is now absolutely clear."); *id.* (noting that the presumption that a district court will decline supplemental jurisdiction when the federal claims are dismissed "is just that—a presumption and not a rule").

Relatedly, Appellees request that we "allow district courts to exercise supplemental jurisdiction over state law claims." Appellees' Merits Br. 29, n.17. This request presupposes that there is a rule barring district courts from exercising supplemental jurisdiction over state law claims. There is no such rule. As discussed above, our precedent makes clear that district courts have the discretion to exercise supplemental jurisdiction over state law claims so long as certain factors justify doing so.

*Second*, Appellees claim that the combination of a textual interpretation of § 1915(g) and the supplemental jurisdiction statute will enable a prisoner to make their lawsuits "strike-proof" by including state law claims in their complaint. Appellees' position is undermined by the discretion district courts currently enjoy to exercise supplemental jurisdiction over a prisoner's state law claims and dismiss them on grounds enumerated in § 1915(g). Notably, this occurred in at least one of Talley's prior actions. *See Talley v. Griesmer*, No. CV 19-1587, 2019 WL 5787983, at *6 (E.D. Pa. Nov. 5, 2019) ("In the interest of convenience and judicial economy, we exercise our supplemental jurisdiction and consider Talley's state law

12

breach of contract claim based upon this same misconduct charge."). Appellees' strike-proofing argument is overstated and not a sufficient basis for us to deviate from the plain meaning of § 1915(g).

*Third*, Appellees suggest that when there is "no viable federal law claim to give a district court jurisdiction, the inmate's assertion of supplemental jurisdiction over the state claims should be deemed frivolous, thereby warranting a strike." Appellees' Merits Br. 27. Appellees argue that this approach comports with our decisions in *Byrd* and *Ball v. Famiglio*, 726 F.3d 448 (3d Cir. 2013), *partially abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). They also contend that this approach is supported by the Supreme Court's recent decision in *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Specifically, Appellees assert that after a dismissal of a prisoner's federal claims for the failure to state a claim and in the absence of federal question jurisdiction and diversity jurisdiction, a prisoner cannot amend their state law claims such that they can bring those claims again in federal court. In this situation, Appellees claim that "[i]t is as if the state law claims were dismissed without leave to amend, at least for purposes of bringing them again in federal court." Appellees' Merits Br. 29.

As an initial matter, we note that the decision in *Lomax* was grounded in the text of § 1915(g) and as such provides little, if any, support for Appellees' overall position. *Lomax*, 140 S. Ct. at 1725 ("[T]his Court may not narrow a provision's reach by inserting words Congress chose to omit."). In *Lomax*, the Supreme Court held that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727. The *Lomax* Court created a carveout

13

where a strike is not called when the district court grants the prisoner leave to amend the complaint.  *Id.* at 1724 n.4.

Appellees' desire to deem a prisoner's state law claims as frivolous runs afoul of our precedent regarding the appropriate way to dismiss state law claims when declining to exercise supplemental jurisdiction.  We have instructed that "[i]f a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits."  *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009); *see also Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim.  Ordinarily, such a dismissal is 'without prejudice.'").

We see no reason to overrule our long-settled precedent and hold that a mixed dismissal is a determination that the prisoner's state law claims are frivolous.  An adjudication of the merits of the prisoner's state law claims, which is what deeming those state law claims as frivolous would be, is premature.  A district court's decision to decline to exercise supplemental jurisdiction is not a determination of the merits of those state law claims.

*Fourth*, Appellees argue that a literal interpretation of § 1915(g) leads to the "absurd results" of a mixed dismissal not being grounds for a strike and a prisoner being able to strike-proof their actions by including a state law claim, so we ought to apply the absurdity principle articulated in *Holy Trinity Church v. United States*, 143 U.S. 457 (1892).  Appellees' Merits Br. 30, 36.  Appellees point us to the approaches taken by the Sixth Circuit Court of Appeals in *Pointer v. Wilkinson*,

14

502 F.3d 369 (6th Cir. 2007) and the Tenth Circuit Court of Appeals in *Thomas v. Parker*, 672 F.3d 1182 (10th Cir. 2012).

In *Pointer*, the Sixth Circuit held "that where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." 502 F.3d at 377. In *Thomas*, the Tenth Circuit held that a prisoner accrued a strike when a district court dismissed two claims for failure to state a claim and dismissed the remaining claims for failure to exhaust administrative remedies. 672 F.3d at 1183. Both the Sixth and Tenth Circuits relied on their view that the purpose of § 1915(g) "would be subverted if prisoners could skirt its procedural bar merely by appending unexhausted claims to a complaint otherwise subject to summary dismissal on the merits[,]" in support of their holdings. *Pointer*, 502 F.3d at 373 (quoting *Clemons v. Young*, 240 F. Supp. 2d 639, 642 (E.D. Mich. 2003)); *Thomas*, 672 F.3d at 1184 (citing and quoting *Pointer* and *Clemons*).

We have previously rejected the holdings of *Pointer* and *Thomas*. In *Ball*, we addressed "whether dismissal of some claims within an action on grounds that would constitute a strike, without dismissal of the entire action, causes the prisoner to accrue a strike." 726 F.3d at 463. We relied on our holding in *Byrd* as settling the question and requiring the dismissal of the entire action or appeal on an enumerated ground or a statutory provision that is limited to the same grounds. *Id.* at 464. We stated that this approach was consistent "with the plain language of the PLRA's three strikes provision, which refers to dismissals of an 'action or appeal,' 28 U.S.C. § 1915(g), rather than the dismissal of

15

individual claims." *Id.* Our holding in *Ball*, accordingly, requires us to reject the holdings of *Pointer* and *Thomas* as well as Appellees' position that a mixed dismissal should constitute a strike.

Further undermining Appellees' reliance on *Pointer* and *Thomas* is the weight of authority from our sister Circuit Courts of Appeals suggesting that the holdings in *Pointer* and *Thomas* are outliers. The D.C. Circuit and the Ninth Circuit have answered the question before us and both held that mixed dismissals are not strikes. *Fourstar*, 875 F.3d at 1150–51 ("Does a case count as a strike when a district court dismisses a prisoner's federal claims for failure to state a claim, or as frivolous or malicious, but declines to exercise supplemental jurisdiction over the prisoner's state-law claims? The answer is no."); *Harris*, 935 F.3d at 674 ("We follow the D.C. Circuit and hold that a dismissal due to the district court's decision not to exercise supplemental jurisdiction over state-law claims does not qualify the case as a strike under the PLRA.").

The Seventh, Fourth, Fifth, and Second Circuits have confronted similar questions of whether a strike can be called when some of a prisoner's claims are dismissed for reasons enumerated in § 1915(g) and other claims are dismissed for reasons not identified in the statute, and each of those courts held that such a dismissal was not a strike. *See Turley*, 625 F.3d at 1012 ("Our holding today clarifies that a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)."); *Tolbert*, 635 F.3d at 651 (concluding that an "'action' in § 1915(g) unambiguously means an entire case or suit[,]" and "[t]herefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."); *Brown*, 857 F.3d at 291 (finding that a prior

dismissal was not a strike because some of the prisoner's claims were dismissed for failing to state a claim while others were dismissed pursuant to Federal Rule of Civil Procedure 56 because of a lack of evidentiary support); *Escalera*, 938 F.3d at 382 ("We therefore hold, consistent with our sister circuits and the plain language of § 1915(g), that a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA. Accordingly, mixed dismissals are not strikes under the PLRA.").

Given the clarity of the language of § 1915(g) regarding when a court can call a strike and our ability to apply the plain meaning of that language to the instant appeal, we need not, as Appellees suggest, resort to considerations of statutory purpose and legislative history to resolve the question before us. *See Byrd*, 715 F.3d at 123 ("Statutory purpose and legislative history may be referenced only if the statutory language is without a plain meaning, i.e., if the statutory language is ambiguous."). But if we were to do so, our holding would be guided by the canon of *expressio unius est exclusio alterius* (the inclusion of one is the exclusion of others). *See N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017). This canon suggests that by expressly including three grounds for calling a strike in § 1915(g), Congress intend to exclude all other grounds as a basis for calling a strike.

This interpretation of the statute is bolstered by the fact that when Congress updated § 1915 to include what is now subsection (g), it also added subsection (e)(2), which provides that a "court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Prison Litigation Reform Act of

17

1995, Pub. L. No. 104-34, § 804, 110 Stat. 1321–73, 74 (1996). Because the four grounds for a sua sponte dismissal under § 1915(e)(2) include the same three grounds for calling a strike, by negative implication, we could infer that Congress intended the three enumerated grounds in § 1915(g) to be the exclusive grounds for calling a strike. *SW Gen., Inc.*, 137 S. Ct. at 940 ("The force of any negative implication, however, depends on context. The *expressio unius* canon applies only when circumstances support a sensible inference that the term left out must have been meant to be excluded."); *see also Ball*, 726 F.3d at 460 ("But, like failure to exhaust, immunity is not one of the enumerated grounds for a strike under § 1915(g), which indicates that Congress did not intend for dismissal on immunity grounds to count as a strike.").

We disagree with Appellees' view that holding that a mixed dismissal is not grounds for a strike would produce an absurd result or one at odds with Congress's intent. The language of Section 1915(g) is clear and identifies the grounds for calling a strike—a mixed dismissal is not included among those grounds.

\* \* \*

We end where we began, with the text of the statute. Section 1915(g) provides that a strike accrues when an "action or appeal . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" As we stated in *Byrd*, a strike accrues only if the "*entire action or appeal* is dismissed explicitly" for one or more of those three grounds or "dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or

18

Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd*, 715 F.3d at 126 (emphasis added). We, accordingly, hold that a mixed dismissal is not grounds to call a strike.

Given our holding, we conclude that § 1915(g) does not bar Talley from proceeding IFP in the instant appeal. The cases that Appellees identify as strikes—*Varner I*, *Talley v. Mazzocca*, and the District Court's dismissal in the instant matter—are mixed dismissals and not strikes.[5] We will now address the merits of Talley's appeal.

## B.     **Talley's Appeal**

The District Court found that Talley's claims related to the alleged false and fraudulent nature of the Settlement Agreement were subject to dismissal because Davis had entered a permissible appearance on behalf of Worstell by signing and filing the answer. The District Court also found that Talley's RICO and constitutional claims were meritless because the Settlement Agreement was never actually filed on the docket. Because the District Court found that Talley's federal claims were meritless and amendment would be futile, it denied Talley leave to amend. The District Court declined

---

[5] *Varner II,* a summary affirmance of a mixed dismissal, is also not a strike. *See Ball*, 726 F.3d at 464 (stating that the affirmance of a dismissal is not a strike because "[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss." (quoting *Jennings v. Natrona Cnty. Det. Center Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999))).

19

to exercise supplemental jurisdiction over Talley's state law claims, dismissing them without prejudice.

On appeal, Talley presents several overlapping arguments that address two primary issues: (1) whether the District Court abused its discretion when denying his motion to amend and (2) whether the District Court abused its discretion by declining to exercise supplemental jurisdiction over his state law claims. We address each issue in turn.

*First*, Talley contends that the District Court should have granted him leave to amend his complaint because the factual and legal basis of some of his claims had changed.[6] Specifically, he argues that his proposed Amended Complaint

[6] We "review a district court's decision not to grant leave to amend for abuse of discretion." *Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020). Federal Rule of Civil Procedure 15(a)(2) provides that a district court should "freely give leave [to amend] when justice so requires." Despite this "liberal standard," "leave to amend may be denied when there is 'undue delay, bad faith, dilatory motive, prejudice, and futility.'" *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). Amendment would be futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115. When "assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* Thus, when "a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend," as occurred here, "leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

("PAC") would have addressed his deficient allegations regarding Davis's failing to enter an appearance and thereby depriving the District Court of personal jurisdiction over Worstell. In the PAC, Talley "clarified that it was in fact Attorneys Rogers, Davis, and Defendant Worstell's failure to return a waiver of service of summons that divested the District Court of authority over Defendant Worstell's person . . . and undermined the District Court's ability to enter judgment against—or, as here, in favor of—Defendant Worstell." Appellant's Br. 6–7.

Neither the District Court nor the Magistrate Judge addressed Talley's new allegations regarding the failure to return a waiver of service of summons when addressing whether to grant Talley leave to amend. Nevertheless, the Magistrate Judge addressed the substance of this issue because Talley raised it as an argument in opposition to Appellees' Motion to Dismiss. *See* J.A. 27–28 n.9. The Magistrate Judge concluded that Talley's argument was unpersuasive because the defendants in *Talley II* waived any challenge to service and personal jurisdiction when they filed an answer in that matter. *Id.*

We agree with the Magistrate Judge and conclude that Talley's new allegations do not cure the deficiencies of his complaint. Simply put, Talley's new allegations do not alter the conclusion that by filing an answer to Talley's complaint the defendants in *Talley II*, including Worstell, could no longer raise a challenge to the district court's personal jurisdiction over them. *See* Fed. R. Civ. P. 12(h) (stating that certain defenses, including "lack of personal jurisdiction" are waived if not raised in a motion made under Rule 12 or by failing to include it in a responsive pleading, such as an answer); *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d

21

Cir. 2019) ("Precedent of the Supreme Court and this Court further holds that the right to assert a personal jurisdiction defense can be affirmatively and implicitly waived through conduct."). While Talley also argues that the District Court clearly erred when finding that amendment of his complaint would have been futile, this argument is based on the *Talley II* court's alleged lack of personal jurisdiction over Worstell and fails for the reason just discussed. We, accordingly, find that the District Court did not abuse its discretion when denying Talley leave to amend.

*Second*, Talley argues that the District Court's dismissal of his claims was based on the "faulty" premise that the Settlement Agreement was not actually filed in the District Court for the Middle District of Pennsylvania.[7] Appellant's Br. 13. Talley is incorrect.

---

[7] We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 299 (3d Cir. 2020). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal quotation marks and citation omitted). To withstand a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). When assessing the complaint, "we are mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings,' particularly where the *pro se* litigant is

22

As the District Court explained, the Settlement Agreement (as distinguished from the Motion to File Under Seal, which the Settlement Agreement accompanied) was not filed on the publicly available docket. Rather as a "document pending sealing decision," the Settlement Agreement was "submitted to the Clerk with a motion to file the document under seal," and "is kept separate from other documents and is not made available for inspection by any person except as permitted by order of the court." LCrR 49(b)(2); J.A. 13.

While we are required to accept the allegations in Talley's complaint "as true, 'we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), as amended (June 14, 2013) (en banc) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Talley asks us to infer that by filing the Motion to File Under Seal with the Settlement Agreement as an exhibit, Enerson filed the Settlement Agreement. This inference is unwarranted, and we will not draw it in Talley's favor in light of the fact that the Settlement Agreement was not filed and remains unavailable on the public docket. We, therefore, will affirm the District Court's dismissal of Talley's claims to the extent they are predicated on the filing of the Settlement Agreement.

*Third*, Talley contends that the Magistrate Judge and the District Court failed to address his allegations regarding the disclosure of the Settlement Agreement to Cassidy Neal, an

imprisoned." *Dooley*, 957 F.3d at 374 (citation omitted) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

23

attorney representing a defendant in *Talley II* and other actions Talley has brought. Talley avers that the District Court's failure to consider whether "the mailing of a true and correct copy of" the Settlement Agreement was a breach of a clause of the Settlement Agreement and warrants reversal and remand.

Talley is correct that the District Court and Magistrate Judge failed to address his allegations regarding the alleged disclosure of the Settlement Agreement to Neal. We, nevertheless, will affirm the District Court's dismissal based on our own review of the pleadings. *Hughes v. Long*, 242 F.3d 121, 123 n.1 (3d Cir. 2001) ("We may affirm a District Court's judgment on grounds other than those considered by the District Court itself."). Talley does not allege that the disclosure of the Settlement Agreement to Neal supports any of his federal claims. *See* Compl. ¶¶ 46–55; PAC ¶¶ 41–53. In fact, he only references the disclosure of the Settlement Agreement in support of his state law breach of contract claim in the Complaint and in support of the breach of contract and promissory estoppel claims in the PAC. *See* Compl. ¶ 56; PAC ¶¶ 55, 58. Because we, as discussed below, affirm the District Court's dismissal of Talley's state law claims, we also affirm the District Court's dismissal of Talley's breach of contract claim to the extent it arises out of the alleged disclosure of the Settlement Agreement to Neal.

*Fourth*, Talley raises several arguments regarding how the elements of each of his federal claims, as pled in the PAC, are satisfied. But the District Court and Magistrate Judge never considered whether the elements of Talley's federal claims were satisfied because "the gravamen of his pleading effectively remains unchanged" between the Complaint and the PAC. J.A. 35. The Magistrate Judge concluded that the claims asserted in the PAC rested "on the fatal propositions

24

that . . . Worstell did not have an entry of appearance, or waiver of service form, filed on his behalf when Talley executed the Agreement, and that . . . Enerson attached the [Settlement] Agreement to his motion to file under seal." J.A. 35.

We agree with the Magistrate Judge's assessment of the PAC and agree that the PAC "fails to otherwise allege any additional, well-pled facts that would give rise to a plausible legal claim against the [Appellees]." J.A. 35. Accordingly, we will affirm the District Court's denial of Talley's Motion to Amend.

*Fifth*, Talley states that we should reverse and remand the District Court's order with instructions for the District Court to exercise supplemental jurisdiction over his state law claims.[8] The basis of this request is Talley's view that his only obligation under the Settlement Agreement was to allow the complaints in *Talley I* and *Talley II* to be dismissed and that if he successfully prosecuted his breach of contract claim, to secure relief from that obligation, the District Court would have had to reopen *Talley I* and *Talley II*. Talley contends that if he is not allowed to pursue his state law claims, he will be deprived of "constitutionally adequate 'process'" because no state court could compel a federal court to reopen a closed or dismissed case. Appellant's Br. 19.

Talley's argument fails because Talley's prayer for relief in the Complaint and the PAC did not request that the

---

[8] We review a district court's decision not to exercise supplemental jurisdiction over state law claims for abuse of discretion. *Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 805 F.3d 98, 104 (3d Cir. 2015)

25

District Court reopen *Talley I* and *Talley II*. Compl. ¶¶ 64–77; PAC ¶¶ 60–77. Talley, instead, only requested an injunction voiding the Settlement Agreement. Compl. ¶ 73; PAC ¶ 62. Also, if Talley seeks to reopen *Talley I* and *Talley II*, he bears the burden of seeking relief from the relevant orders or judgments in those cases. *See* Fed. R. Civ. P. 60(b) (providing that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for" enumerated reasons). The point being that if Talley were to successfully prosecute his state law claims, without regard to whether he does so in a federal court or a state court, he must take additional actions in his prior suits if he seeks relief from the judgments in those matters. As a result, Talley is incorrect, and the District Court did not need to exercise supplemental jurisdiction over his state law claims due to the possibility that he would prevail on those claims. The District Court, therefore, did not abuse its discretion when declining to exercise supplemental jurisdiction over Talley's state law claims.

## IV. Conclusion

For the reasons set forth above, we will grant Talley's motion to proceed IFP and affirm the District Court's order.