NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2073
_____

THOMAS FLAGG,

Appellant

v.

CHEYNEY UNIVERSITY OF PENNSYLVANIA, et al.; SPFPA UNION, SECURITY
POLICE FIREMAN'S PROFESSIONALS OF AMERICA; LT. FRANK KELLY,
Individually and in His Capacity as Police Lieutenant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-03551)
District Judge: Honorable Harvey Bartle III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2022

Before: AMBRO, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: November 25, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Thomas Flagg appeals pro se from the District Court's order granting the defendants' motions to dismiss Flagg's employment-related complaint. For the reasons that follow, we will affirm that judgment.[1]

I.

Flagg was a campus police officer for Cheyney University of Pennsylvania ("Cheyney") and a member of Local 506, an affiliate local union of Security, Police, Fire Professionals of America ("SPFPA"). In 2010, Cheyney terminated Flagg's employment after he allegedly assaulted fellow Cheyney police officer Frank Kelly. Local 506, acting on Flagg's behalf, filed a grievance contesting his termination. Cheyney denied that grievance, and the Pennsylvania State System of Higher Education ("PASSHE") upheld that denial on appeal. SPFPA then declined to take the grievance to arbitration.

Thereafter, Flagg sued Cheyney, PASSHE, SPFPA, Local 506, and Kelly in Pennsylvania state court. In 2020, after years of litigation, the Pennsylvania Commonwealth Court issued a 42-page opinion and an accompanying order that granted the respondents' applications for summary relief and dismissed Flagg's action, in its entirety, on the merits.[2] The Pennsylvania Supreme Court affirmed that judgment and then denied Flagg's application for re-argument.

---

[1] Flagg's unopposed motion for permission to file his September 23, 2022 and October 6, 2022 supplements to his reply brief is granted.

[2] In Pennsylvania, "[a]n application for summary relief is . . . evaluated according to the standards for summary judgment." McGarry v. Pa. Bd. of Prob. & Parole, 819 A.2d 1211, 1214 n.7 (Pa. Commw. Ct. 2003).

A few months after the state-court case ended, Flagg once again sued Cheyney, SPFPA, Local 506, and Kelly, this time in federal court.[3]  Like the state-court action, the federal action "relate[d] to Cheyney's termination of Flagg, [the] handling of his grievance, and Kelly's perceived meddling."  (Dist. Ct. Mem. entered May 10, 2022, at 6.)  The defendants moved the District Court to dismiss Flagg's federal complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that dismissal was warranted under the doctrine of res judicata (also known as claim preclusion).  The District Court granted those motions on May 10, 2022, and this timely appeal followed.[4]

## II.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts "to give the same preclusive effect to a state-court judgment as another court of that State would give."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (internal quotation marks omitted).  In Pennsylvania, the doctrine of res judicata, or claim preclusion, "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action."  In re Coatesville Area Sch. Dist.,

---

[3] Although the case caption of Flagg's federal complaint listed both SPFPA and Local 506, it is not clear whether he intended to sue both entities or just SPFPA.  But clarification on this issue is not needed to resolve this appeal, for the outcome of the res judicata analysis discussed later in this opinion would be the same under either scenario.

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant the defendants' Rule 12(b)(6) motions.  See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  To resolve such a motion, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

244 A.3d 373, 378 (Pa. 2021). For the doctrine to apply, there must be "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." Id. at 379 (citation to quoted case omitted). The District Court highlighted these requirements and concluded that they have been met in Flagg's case. We see no reason to disturb that conclusion,[5] and thus we will affirm the District Court's order dismissing Flagg's complaint.

---

[5] Res judicata "preclud[es] parties from contesting matters that they have had a full and fair opportunity to litigate." In re Stevenson, 40 A.3d 1212, 1222 (Pa. 2012) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008)). Flagg's arguments that his state-court proceedings were not "full and fair" are unpersuasive, and he has not otherwise established that the District Court erred in its res judicata analysis.