**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1669
_____

MICHAEL DUKES,
                                        Appellant

v.

E.M.S.A. HSA STEPHANIE WOOD;
MEDICAL PROVIDER RACHEL MEDLOCK

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00857)
Magistrate Judge:  Honorable Patricia L. Dodge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed January 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Dukes, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint with prejudice. For the reasons that follow, we will affirm the judgment of the District Court.

Dukes, an inmate in state prison, filed a complaint in July 2021 against Stephanie Wood and Rachel Medlock, a prison healthcare administrator and provider. Dukes sought injunctive, compensatory, and punitive relief for violations of the Eighth and Fourteenth Amendments, the federal regulation for prison medical records, and the Americans with Disabilities Act. Dkt. No. 1 at 3-4, 12. Specifically, Dukes alleged that the defendants were deliberately indifferent to his serious eye issues when he was denied a specific pair of prescription eyeglasses. Dkt. No. 1 at 15-18.

Both defendants moved to dismiss for failure to state a claim. Dkt. Nos. 13, 21. The District Court granted both defendants' motions and dismissed Dukes' complaint with prejudice as barred by res judicata. Dkt. No. 31. Dukes filed this appeal.[1]

Dukes argues on appeal that the District Court erred in ruling that his claims were barred by res judicata because the proceeding in which he previously pursued a related claim was a statutory appeal, not a civil action. C.A. Dkt. No. 8 at 10-12. He also contends that he has stated a claim for a violation of the Eighth Amendment. C.A. Dkt.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant the defendants' Rule 12(b)(6) motions. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). To resolve such a motion, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

No. 8 at 12-16.  The District Court found that Dukes' claims were barred by res judicata because, in 2021, the Commonwealth Court of Pennsylvania dismissed with prejudice his Eighth Amendment claim against the Pennsylvania Department of Corrections for the alleged denial of adequate prescription eyeglasses.  Dkt. No. 31 at 11-17; see Dukes v. Pa. Dep't of Corr., 250 A.3d 549 (Pa. Commw. Ct. 2021).  We agree.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts "to give the same preclusive effect to a state-court judgment as another court of that State would give."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (internal quotation marks omitted).  In Pennsylvania, the doctrine of res judicata, or claim preclusion, "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action."  In re Coatesville Area Sch. Dist., 244 A.3d 373, 378 (Pa. 2021).  For the doctrine to apply, a "final, valid judgment on the merits by a court of competent jurisdiction" must have been entered in the prior proceeding.  Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995).  There must also be "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued."  In re Coatesville, 244 A.3d at at 379 (citation omitted).  The District Court highlighted these requirements and concluded that they have been met in Dukes' case. We agree that, though Dukes' District Court action also included claims under the ADA, the Fourteenth Amendment, and a federal regulation, which were not raised in state court, these claims were also barred by res judicata because the events giving rise to those claims were essentially similar and thus could have been brought before the

3

Commonwealth Court. See CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999). We see no reason to disturb the District Court's conclusion,[2] and thus we will affirm the District Court's order dismissing Dukes' complaint.[3]

---

[2] The Commonwealth Court "does not have *appellate* jurisdiction" over inmate grievance appeals but has "*original* jurisdiction over an inmate's petition for review after a grievance proceeding" in cases involving constitutional rights. Weaver v. Pa. Dep't of Corr., 829 A.2d 750, 751 (Pa. Commw. Ct. 2003). Dukes' arguments that his state-court proceeding was a statutory appeal, not a civil action, are unpersuasive, and he has not otherwise established that the District Court erred in its res judicata analysis.

[3] Because Dukes' complaint is barred by res judicata, we need not reach his argument that he has stated a claim under the Eighth Amendment.