**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1427
_____

JOHN KLIESH,
Appellant

v.

REDEVELOPMENT AUTHORITY OF BUCKS COUNTY;
ALLEN TOADVINE; JUDGE RAYMOND F. MCHUGH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00733)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 5, 2023

Before:  JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed: September 6, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant John Kliesh appeals from a judgment of the United States District Court for the Eastern District of Pennsylvania. For the following reasons, we will affirm.

I.

The events underlying this action began in September 2019, when the Redevelopment Authority of Bucks County ("RABC") initiated eminent domain proceedings against Kliesh relating to property he owned in Morrisville, Pennsylvania. Kliesh unsuccessfully opposed the taking in the Pennsylvania Court of Common Pleas and, on appeal, in the Commonwealth Court.

In February 2021, Kliesh filed a complaint in the District Court against RABC, Bucks County Solicitor Allen Toadvine, and Pennsylvania Court of Common Pleas Judge Raymond McHugh primarily asserting that the eminent domain proceedings were fraudulent and violated several provisions of the Pennsylvania Urban Redevelopment Law, as well as the Dragonetti Act (42 Pa. C.S. § 8351).

Judge McHugh, claiming judicial immunity, among other defenses, then filed a motion to dismiss the complaint. RABC and Toadvine filed a separate joint motion to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. After the defendants filed their motions to dismiss, the case was reassigned to District Judge Mitchell S. Goldberg. Kliesh filed "objections" to the motions to dismiss and subsequently filed a motion to amend his "objections," which was denied. Kliesh also filed a motion to recuse Judge Goldberg, which was likewise denied. The District

Court then granted the motions to dismiss the complaint. Kliesh timely (and repeatedly) sought reconsideration, which the Court denied. Kliesh now appeals.[1]

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a motion to recuse. Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (recusal). "[A] district court's decision not to grant leave to amend" is also reviewed "for abuse of discretion." Talley v. Wetzel, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (quoting Dooley v. Wetzel, 957 F.3d 366, 376 (3d Cir. 2020)).

## III.

Kliesh primarily contends that the court abused its discretion in denying his motion for recusal under 28 U.S.C. § 455 because Judge Goldberg was required to recuse himself based on his familiarity with defendants and their counsel from his previous employment as a judge in Bucks County. Specifically, during a conference with the parties, Judge Goldberg notified the parties that he had "some familiarity" with some of the attorneys and defendants as they were part of the Bucks County legal community when he was on the Bucks County Court of Common Pleas. C.A. No. 6 at 19. He also

---

[1] In his brief, Kliesh largely limits his arguments to a challenge to the District Judge's decision not to recuse. However, we construe his brief liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), to also include an independent challenge to an order denying him leave to amend a response to the defendants' motions to dismiss. Accordingly, we limit our review to those issues. A party forfeits any argument that he does not raise in his opening brief. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020); see also Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief.").

3

noted that "decades ago," he was on the Lower Makefield hearing board, for which Toadvine served as the solicitor.  Id.  He indicated that he was not social friends with any of the parties or attorneys and that he was confident he could view the case impartially. Id. at 19-20.  He then invited Kliesh to file a motion for recusal if he wished.

In considering whether Judge Goldberg was required to disqualify himself under 28 U.S.C. § 455(a), we must determine whether an objective observer reasonably might question his impartiality.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997).[2]  We conclude that an objective observer would not reasonably question Judge Goldberg's impartiality based on his former professional acquaintance with the parties and their counsel.  See United States v. Lovaglia, 954 F.2d 811, 816 (2d Cir. 1992) (affirming denial of motion to recuse based on business and social relationships that had long ceased); Parrish v. Bd. of Comm'rs, 524 F.2d 98, 102, 104 (5th Cir. 1975) (concluding that a judge's "acquaintance with some of the defendants and counsel" did "not exceed what might be expected as background or associational activities with respect to the usual district judge").[3]  And to the extent Kliesh has also maintained that the dismissal of his complaint and the other rulings against him are proof

---

[2] A judge must also disqualify himself in several circumstances enumerated in § 455(b), none of which apply here.

[3] Because we determine that the District Judge was not required to disqualify himself under § 455, we reject Kliesh's contention that the court forced him to waive grounds for disqualification in violation of § 455(e).  Moreover, the record makes it clear that far from compelling Kliesh to waive any grounds for disqualification, the District Court judge disclosed his relevant professional acquaintances to Kliesh and gave him a period in which he could present what, if any, arguments he wished to make concerning recusal.

that Judge Goldberg was biased in favor of the defendants, we disagree. See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). For the same reasons, we also reject Kliesh's related contention that his due process rights were violated when Judge Goldberg denied his recusal motion. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876-77 (2009) (explaining that due process requires a trial judge to recuse if there is evidence of actual bias or in circumstances in which "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable").

As to Kliesh's contention that his right to due process was violated when the District Court denied his motion to amend his response to the defendants' motions to dismiss, we discern no violation of his right to due process, nor any abuse of discretion in the court's decision. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817, (3d Cir. 1982) (noting that district courts retain discretion over matters related to docket management). To the extent Kliesh's motion to amend his response to the defendants' motions to dismiss might have been construed as a motion to amend the complaint, it is unnecessary for a court to permit amendment of a complaint where such amendment would be futile. Talley, 15 F.4th at 286 n.6. In his motion for leave to amend his responses, Kliesh did not give any indication of how he wished to amend his responses or the complaint. And in his motions for reconsideration of the District Court's decision

5

regarding amendment, Kliesh largely repeated bias and recusal arguments but did not explain how defects in his complaint might have been cured had the District Court afforded him an opportunity to amend. Accordingly, we are unmoved by Kliesh's challenge to the District Court's denial of his motion to amend responses.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court. Kliesh's motion to file a supplemental reply brief is granted.