**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1363
_____

SHEILA MARIE EYAJAN,
                                        Appellant

v.

ASHTABULA COUNTY PUBLIC DEFENDER, et al 1-100
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-00369)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2023

Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: October 16, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sheila Marie Eyajan appeals from the dismissal of her complaint. We will affirm.

I.

Eyajan filed this suit against the Public Defender for Ashtabula County, Ohio. She alleged that the Public Defender represents her in a criminal action, which she did not identify but which appears to be an Ohio state prosecution for aggravated menacing and resisting arrest. According to Eyajan, the Public Defender filed a motion seeking a determination of her mental competence and asserted that she has a history of mental illness. Eyajan claims that the motion was wrongful because it is not supported by any medical evidence and because the Public Defender filed it without her consent.

On the basis of those allegations, Eyajan asserted causes of action that she identified as: (1) "defamation of character using both libel and slander"; (2) "breach of contract attorney client privilege"; (3) "ineffective assistance of counsel"; and (4) "bias and prejudice." For relief, she requested removal of the Public Defender from her case, withdrawal of the competency motion, and monetary damages. She also moved for leave to proceed in forma pauperis.

The District Court granted Eyajan's IFP motion, screened her complaint, and dismissed it for failure to state a claim.[1] The court construed Eyajan's complaint as one

---

[1] The court stated that it screened the complaint under 28 U.S.C. § 1915A and dismissed it under § 1915A(b)(2). Section 1915A applies only to complaints filed by a "prisoner," and it is not clear that Eyajan is a prisoner for that purpose, but even if she is not the screening and dismissal were authorized by 28 U.S.C. § 1915(e)(2)(B)(ii).

under 42 U.S.C. § 1983 and dismissed it on the ground that the Public Defender is not a state actor for § 1983 purposes. The court also explained that it lacks jurisdiction to order the removal of the Public Defender and the withdrawal of the competency motion in Eyajan's state-court criminal action. Finally, the court concluded that leave to amend was not warranted because amendment would be futile. Eyajan appeals.[2]

II.

In her complaint, Eyajan (who resides in Pennsylvania) purported to invoke the District Court's diversity jurisdiction rather than its federal question jurisdiction. But on appeal, she does not contest the court's characterization of her claims as federal claims arising under § 1983. To the contrary, she argues that the court erred in dismissing her complaint because the Public Defender violated her constitutional rights and did so under color of state law. Thus, we agree that her claims should be construed as federal claims arising under § 1983. We further agree that the dismissal of those claims was warranted because "a public defender does not act under color of state law [for § 1983 purposes] when performing a lawyer's traditional functions as counsel to a defendant in a criminal

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over dismissals for failure to state a claim and apply the standard that governs dismissals under Fed. R. Civ. P. 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). We construe pro se complaints liberally, see id., but "pro se litigants still must allege sufficient facts in their complaints to support a claim," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). We review the denial of leave to amend for abuse of discretion. See Talley, 15 F.4th at 285 n.6.

proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Bourdon v. Loughren, 386 F.3d 88, 90 (2d Cir. 2004) (explaining that, in light of Polk County, "an ineffectiveness [of counsel] cause of action would be inappropriate in a proceeding brought under § 1983").[3]

Eyajan also does not contest the District Court's ruling that it lacked jurisdiction to supervise her state-court criminal proceeding, and we see no basis for the court to have done so under the circumstances alleged here. See, e.g., Kaufman v. Kaye, 466 F.3d 83, 86-87 (2d Cir. 2006) (collecting cases). Finally, Eyajan does not argue that the court erred in denying her leave to amend or that she could amend her complaint to state any plausible claim if given that chance. To the contrary, her brief on appeal tends only to confirm the court's ruling that amendment would be futile.[4] We thus cannot say that the court abused its discretion in denying leave to amend.

III.

For these reasons, we will affirm the judgment of the District Court.

---

[3] To the extent that Eyajan may have intended to assert state-law claims, she has abandoned them by not asserting them in her brief.

[4] Eyajan devotes much of her brief to arguing the merits of the criminal charges against her. The proper place for those arguments, and for Eyajan's complaints about the Public Defender generally, is in her criminal proceeding. We express no opinion on the merits of these issues.