**DLD-112**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3339
_____

PALANI KARUPAIYAN; P.P.; R.P.,

                                                                    Appellants

v.

TOWNSHIP OF WOODBRIDGE; STATE OF NEW JERSEY;
UNITED STATES OF AMERICA; UNION OF INDIA;
OFFICER GANDHI, 5038, individually and in his official
capacity as Parking enforcement officer of Woodbridge;
WOODBRIDGE POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-19737)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal under 28 U.S.C. § 1915(e)(2), or Possible Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: May 3, 2022)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Palani Karupaiyan appeals[1] from the orders of the District Court dismissing his complaint and denying reconsideration. We will affirm.

I.

Karupaiyan is a frequent pro se litigant with a history of filing complaints raising conclusory and apparently unrelated claims. See, e.g., Karupaiyan v. Naganda, No. 21-2560, 2022 WL 327724, at *1-2 (3d Cir. Feb. 3, 2022). In this case, he filed suit against: (1) the Township of Woodbridge, New Jersey, along with related defendants; (2) the State of New Jersey; (3) the United States; and (4) the "Union of India." He asserted a litany of complaints against the Woodbridge defendants, including that they wrongfully ticketed and impounded a car in which he was living. He also faulted New Jersey, the United States and India for allowing an unidentified relative to relocate his children to India. In addition, he sought the appointment of more Justices to the United States Supreme Court because, he claimed, the Court lacked the resources to hear a case in which he complained of broken ribs.

_____

[1] Karupaiyan also purports to appeal on behalf of his two children. After our Clerk notified him that he cannot litigate pro se on their behalf, see Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991), he filed a motion for appointment of a guardian and counsel. We recently denied Karupaiyan's motion for such relief in C.A. No. 21-2560, and we deny this motion too because he has not raised anything suggesting that such relief might be warranted.

2

The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim. The court ruled that Karupaiyan's claims against New Jersey, the United States and India are barred by immunity doctrines. The court also ruled that Karupaiyan's allegations against the Woodbridge defendants were too conclusory to state a federal claim, and it declined to exercise supplemental jurisdiction over any state-law claims, but it gave him leave to amend as to these defendants. Karupaiyan obtained an extension of time to amend, but he ultimately declined to do so and filed this appeal instead. He also filed several post-judgment motions, which the District Court construed in part as motions for reconsideration and denied. Karupaiyan has amened his notice of appeal to challenge that ruling as well.

II.

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (quotation

---

[2] The District Court initially dismissed Karupaiyan's claims against the Woodbridge defendants with leave to amend, but the court later concluded that Karupaiyan stood on his complaint because he declined to amend and withdrew his request for an extension of time to do so. Karupaiyan also has expressly stated in this Court that he is standing on his complaint. Thus, the order of dismissal is a final decision under § 1291. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016).

marks omitted). We review the denial of reconsideration for abuse of discretion. See Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018).

Having conducted our review, we will affirm substantially for the reasons explained by the District Court. We see no basis to disturb the court's rulings that Karupaiyan's federal claims against New Jersey, the United States, and India are barred by the principles of immunity that the court explained. We also see no basis to disturb the court's ruling that Karupaiyan did not state a federal claim against any of the Woodbridge defendants. Although Karupaiyan's complaint is replete with conclusory allegations that these defendants acted wrongfully, his conclusory allegations are just that and do not plausibly suggest that any of these defendants violated his federal rights.

Karupaiyan's only factual allegation that potentially suggests actionable wrongdoing is his allegation that a traffic enforcement officer named Gandhi called him a "black madrasi" after his car was towed. (ECF No. 1 at 7 ¶ 12, 18 ¶ 153.) Karupaiyan claims that this use of what he identifies as a racial slur constitutes discrimination. He relies on statutes governing employment, but those statutes do not apply because he does not allege that he has or had any employment relationship with any of the defendants. He also claims that Officer Gandhi's use of the slur violated his civil rights. But as courts have recognized, an officer's isolated use of a racial slur or epithet by itself—reprehensible though it is—does not violate the Constitution. See, e.g., Chavez v. Ill. State Police, 251 F.3d 612, 646 (7th Cir. 2001); Williams v. Bramer, 180 F.3d 699, 706

4

(5th Cir. 1999). Karupaiyan did not allege any other facts plausibly suggesting that any of the Woodbridge defendants violated any of his federal rights. Nor do any of his filings in the District Court or this Court suggest that the District Court erred in denying reconsideration or any of his other requests for relief.

## III.

For these reasons, we will affirm the judgments of the District Court. Karuppiah's motions for relief in this Court are denied.