**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1234
_____

FIAZ AFZAL, M.D.,
                                        Appellant

v.

AMERICAN BOARD OF INTERNAL MEDICINE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00086)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022
Before:  KRAUSE, MATEY, and PHIPPS, Circuit Judges

(Opinion filed July 6, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fiaz Afzal, M.D., proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will summarily affirm.

In January 2022, Afzal filed a civil rights action against the American Board of Internal Medicine (ABIM) related to its role in certifying physicians to practice internal medicine. While Afzal did not specifically cite the Civil Rights Act, 42 U.S.C. § 1983, the District Court reasonably read the complaint as bringing claims under § 1983 because Afzal cited the Equal Protection Clause and alleged discrimination based on race and religion. Specifically, Afzal alleged as follows: ABIM discriminates against minority physicians by requiring different testing and training requirements for physicians who are already certified by ABIM and those who are not. After his ABIM certification expired (due, at least in part, to a disturbance at the testing center when he attempted to take the recertification examination and to ABIM's erroneous consideration of an expunged conviction), Afzal was required to take the more onerous, traditional examination and submit to a year of retraining, rather than the simpler Longitudinal Knowledge Assessment taken by already-certified physicians. ABIM's discriminatory practices in refusing to recertify Afzal have prevented him from practicing medicine in Ontario and from enrolling as a Medicaid provider in New Jersey.

The District Court screened the action under 28 U.S.C. § 1915(e) and dismissed it without prejudice, concluding that Afzal failed to allege that ABIM was a state actor. Afzal filed an amended complaint, followed by a document which the District Court construed as a second amended complaint. The District Court dismissed the action with prejudice,

2

concluding that Afzal failed to allege that ABIM was a state actor and, even if it were, failed to state an equal protection claim. Afzal now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e). Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n. 7 (3d Cir. 2021) (cleaned up). "When assessing the complaint, we are mindful of our obligation to liberally construe a pro se litigant's pleadings." Id. (cleaned up).

We will summarily affirm the dismissal of Afzal's complaint because it fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Private actors like ABIM are only subject to suit under § 1983 if their conduct is "fairly attributable" to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 839 (1982). When applying that standard, we consider "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

Under none of the tests can it be said that ABIM is a state actor or that its conduct constituted state action. Afzal alleged that ABIM assumed the state's role in determining physicians' competency, requiring trainings, and engaging in official communication on

3

social media. However, he has failed to establish that these powers are traditionally the exclusive prerogative of the state. Other non-state actors, such as private medical schools and medical peer-review organizations, also perform these functions. Moreover, Afzal has not alleged that states have delegated to ABIM the power to license physicians, or even the power to set a comprehensive scheme for board certification; instead, he alleged only that some states require certification by ABIM or some other specialty board as one component in a broader licensing scheme set by the state. Afzal has also not alleged that ABIM has ties to any governmental entity, is regulated by any governmental body, or receives any governmental subsidy or aid. Because ABIM's conduct does not constitute state action for purposes of imposing liability under § 1983, the District Court properly dismissed Afzal's claim.[1]

Accordingly, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.[2]

---

[1] The District Court also did not err by declining to grant Afzal further leave to amend his complaint; amendment would be futile under the circumstances of this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

[2] Afzal's motion to file an amended brief is granted.