**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2040
_____

QIUYUAN HUANG;
JING LIN; and
TIANGE HUANG,
                              Appellants

v.

NGOC BACH PHAN;
VINH CHE; and
KHANH CHE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00057)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2022
Before:  MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed July 14, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The District Court granted a motion to dismiss the amended complaint filed by plaintiffs who claimed that their former landlords failed to provide statutorily required disclosures about lead-based paint in residential homes. This is an appeal of that ruling.

I.

Qiuyuan Huang, Jing Lin, and their son Tiange Huang (Appellants) sued property owners Ngoc Bach Phan and Khanh Che, and property manager Vinh Che (Appellees). In their amended complaint, Appellants claimed that Appellees violated both the Residential Lead-Based Paint Hazard Reduction Act (RLPHRA)—which, among other things, directs lessors to disclose the presence of lead-based paint or lead-based paint hazards—and the Toxic Substance Control Act (TSCA). Appellants requested declaratory and prospective-injunctive relief, as well as ten million dollars in damages.

Appellees responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b). After the District Court denied Appellants' motion under Federal Rule of Civil Procedure 12(f) to strike portions of the motion to dismiss, Appellants opposed Appellees' motion and sought leave to file a second amended complaint. While in their motion to amend Appellants maintained that they were not seeking to "add any causes of action," App. Vol. II at 74, their accompanying proposed second amended complaint plainly included new claims, under Pennsylvania law, for emotional distress.

The District Court granted Appellees' motion to dismiss and denied Appellants' motion to amend. The District Court agreed with Appellees that Tiange Huang and Lin lack standing to sue under the RLPHRA. The District Court determined further that

2

Appellants could not seek injunctive relief under the TSCA because they were no longer tenants, and that as private parties they lacked capacity to sue for money damages. The District Court also determined that Qiuyuan Huang failed to plausibly allege injury under the RLPHRA. Finally, the District Court denied leave to amend as futile, insofar as it determined that the federal claims are inescapably defective and that it would not exercise supplemental jurisdiction over Appellants' putative state-law claims. The District Court thus dismissed Appellants' pleading with prejudice. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's order granting Appellees' motion under Rule 12(b)(6) to dismiss Appellants' amended complaint for failure to state a claim. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To withstand a Rule 12(b)(6) 'motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (citation omitted). We review de novo the District Court's determination that amendment would be futile and review the denial of leave to amend for abuse of discretion. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

## III.

We have carefully considered the arguments on appeal. For the reasons set forth below, we will affirm the District Court's order granting Appellees' motion to dismiss.

To begin with, the District Court was correct to dismiss Appellants' TSCA claims. As the District Court rightly recognized, the TSCA permits private citizens to sue for

injunctive relief to restrain violations, but it does not permit them to sue for money damages. See Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affs., 426 F.3d 241, 248 n.5 (3d Cir. 2005). Appellants alleged in the amended complaint that they no longer live at the subject property, so the injunctive relief that they request is unavailable. See Roe v. Operation Rescue, 919 F.2d 857, 864 (3d Cir. 1990). The same goes for their requested declaratory relief. See St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000).

The District Court also properly determined that Qiuyuan Huang failed to plausibly plead an RLPHRA claim. The RLPHRA's private-right-of-action provision states that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3). Cf. Randall v. Laconia, NH, 679 F.3d 1, 8 (1st Cir. 2012) (Howard, J., concurring) ("A person *damaged* by a violation of the Residential Lead-Based Paint Hazard Reduction Act may seek recovery against the violator.") (emphasis added). Here, Qiuyuan Huang's alleged "damages incurred" were insufficiently pleaded in the amended complaint, which was filled almost exclusively with irrelevancies, statements of law, and conclusory factual allegations. See James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (observing that we may "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements").[1]

---

[1] The District Court dismissed Tiange Huang's and Lin's RLPHRA claims on standing grounds, reasoning that those litigants "were merely residents, not lessees, of Defendants'

4

Furthermore, we discern no error in the District Court's determination that it would be futile to further amend the RLPHRA claim. In the proposed second amended complaint, Appellants alleged that they would not have leased Appellees' property if the required disclosures had been made; that they were exposed to paint chips and dust during their residence; and that uncertainty as to whether they have been exposed to lead-based paint has produced emotional distress, including physical symptoms. These allegations, without more, were insufficient to transform the RLPHRA claims from conclusory to plausible ones. And, for essentially that reason, the proposed second amended complaint failed to plausibly plead an emotional distress claim cognizable under Pennsylvania law. See Bruffett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982) (setting forth elements of Pennsylvania law claim for intentional infliction of emotional distress); see also Toney v. Chester Cnty. Hosp., 36 A.3d 83, 99 (Pa. 2011) ("Unlike cases involving a physical impact, a plaintiff in a non-impact case faces a

property," and that the statute "explicitly provides a cause of action only to the 'purchaser or lessee,' which does not include residents who were not parties to the lease agreement." App. Vol. I at 5 (quoting 42 U.S.C. § 4852d(b)(3)). The District Court's assessment, however, overlooked Cudjoe, 426 F.3d at 250 (remanding for consideration of non-lessee tenant's standing to raise RLPHRA claim in light of Circuit precedent holding that "a person without express statutory standing may still have standing to sue if the person meets the minimum requirements for Article III standing as well as the additional elements of prudential standing"). Because standing as to Tiange Huang and Lin is supported by the pleadings, as well as the lease (attached to Appellees' motion to dismiss, see App. Vol. II at 47-53), the District Court had jurisdiction to reach the merits of their RLPHRA claims. Cf. Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 205 (3d Cir. 2021). That said, Tiange Huang's and Lin's RLPHRA claims were deficiently pleaded for the same reason that Qiuyuan Huang's was. Cf. Downey v. Pa. Dep't of Corr., 968 F.3d 299, 309 (3d Cir. 2020) (observing that "we may affirm the judgment on any grounds supported by the record").

more difficult task of convincing a court of the legitimacy of the emotional distress and the causal nexus between the negligent action at issue and alleged distress.").[2]

## IV.

Accordingly, we will affirm the judgment of the District Court.[3] Appellants' motion for leave to file a supplemental appendix is denied. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990)

---

[2] Further amendment of Appellants' pleading was thus futile regardless of whether the District Court would have had to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) (as the District Court anticipated), or diversity jurisdiction under 28 U.S.C. § 1332(a)(1) (as Appellants advocated), over the state-law claims.

[3] Appellants' argument in their opening brief related to recusal by the District Judge is without merit. See Liteky v. United States, 510 U.S. 540, 555 (1994). Additionally, we discern no error in the District Court's order denying Appellant's Rule 12(f) motion.