**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3315
_____

MIRANDA GEIST,
individually and on behalf of a class of similarly situated
persons,
                                        Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-21-cv-04447)
District Judge: Honorable Joshua D. Wolson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2022

(Filed September 29, 2022)

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*.

James C. Haggerty
Haggerty Goldberg Schleifer & Kupersmith P.C.
1801 Market Street
Suite 100
Philadelphia, PA 19103

Scott B. Cooper
Schmidt Kramer P.C.
209 State Street
Harrisburg, PA 17101

Jonathan Shub
Shub Law Firm
134 Kings Highway
2nd Floor
Haddonfield, NJ 08033
        *Counsel for Appellant*


Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Riley Safer Holmes & Cancila LLP
70 West Madison Street
Suite 2900
Chicago, IL 60602

John J. McGrath
Palmer & Barr P.C.
1880 John F. Kennedy Boulevard
Suite 401

Philadelphia, PA 19103
*Counsel for Appellee*

_____

O P I N I O N OF THE COURT
_____

RENDELL, *Circuit Judge*.

Miranda Geist was injured in an automobile accident. After discovering that the driver's insurance coverage could not compensate her for her injuries, she sought to recover underinsured motorist ("UIM") benefits under her parents' automobile insurance policy. Her parents' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), offered her up to $100,000 in benefits, but Geist maintains that she is entitled to up to $200,000 in benefits because State Farm failed to seek a waiver to provide a UIM-coverage limit below the bodily injury-coverage limit when her father added a new vehicle to the policy.

Geist sued State Farm seeking a declaration to this effect. The District Court dismissed her complaint with prejudice, concluding that Pennsylvania's Motor Vehicle Financial Responsibility Law, Pa. Cons. Stat. §§ 1701-99.7 ("MVFRL") does not require insurers to seek such elections of UIM coverage-limits when policyholders add vehicles to their existing policies. Because its decision was correct, we will affirm the District Court's order.

I.

Miranda Geist sustained serious injuries in an automobile accident. Seeking compensation for her injuries, she asserted and later settled a tort claim against the driver and his insurer. Because this settlement did not fully compensate her, she made a claim to recover UIM benefits from State Farm under a Pennsylvania Personal Auto Policy issued to her parents, Kevin and Karen Iwanski (the "Policy").

When State Farm issued the Policy in 2010, it insured two vehicles and provided liability coverage of $100,000 per person / $300,000 per accident for bodily injuries. Kevin Iwanski also elected for the Policy to provide UIM benefits of up to $50,000 per person / $100,000 per accident. From then until the date of Geist's accident, he made only two changes to the Policy: (1) he removed the second vehicle in January 2011; and (2) added a third vehicle in February 2013. As is relevant here, at the time Iwanski added the third vehicle to the Policy, he did not execute an acknowledgment for UIM-coverage limits below the bodily injury-coverage limits.

Because her father never executed this acknowledgment when he added the third vehicle to the Policy, Geist believed that, under the Policy, she could recover up to $200,000 in UIM benefits, the stacked total of the $100,000 UIM coverage for each insured vehicle.[1] State Farm, however, paid her only

---

[1] "When an individual purchases UIM . . . coverage for multiple vehicles, 'stacking' allows the insured to aggregate the UIM . . . coverage limits on all of her insured vehicles to increase the amount of coverage available in the event of an

$100,000 in benefits, maintaining that the Policy provided only up to $50,000 in UIM coverage per vehicle—the lower amount Iwanski elected. Geist, in turn, sued State Farm in Pennsylvania state court. In her putative class action, she seeks a declaration that State Farm must provide a stacked total of $200,000 in UIM coverage under the Policy.[2]

State Farm removed Geist's suit to federal court and, soon thereafter, moved to dismiss her complaint. The District Court granted State Farm's motion and dismissed her complaint with prejudice. It held that, under the MVFRL, an insurer must seek an election of UIM-coverage limits that are less than the bodily injury-coverage limits only when it issues a new policy, and, as long as the insurer obtains such an election, the UIM-coverage limits remain in effect as long as the policy does. Because Iwanski executed a written election for such lower limits when State Farm issued the Policy, and he never sought a new policy, the Court concluded that State Farm, consistent with Iwanski's election, need only provide up to $100,000 in stacked UIM benefits to Geist under the Policy. It therefore determined that Geist had failed to state a claim and that further amendment would be futile.

---

accident." *Barnard v. Travelers Home & Marine Ins. Co.*, 216 A.3d 1045, 1047 n.2 (Pa. 2019).

[2] Geist also seeks a declaration that all similarly situated class members are entitled to UIM benefits equal to the limits of their liability coverage because of State Farm's failure to obtain an election of lower UIM benefits when new vehicles were added to their policies.

5

Geist timely appealed.

II.[3]

UIM coverage "is designed to help defray the cost of an accident with an uninsured or underinsured motorist." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 184 (3d Cir. 2021). Sections 1731 and 1734 of the MVFRL govern the provision of this coverage in Pennsylvania. *See id.* at 186-87. Section 1731, in relevant part, provides:

> No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to

[3] The District Court had jurisdiction under 28 U.S.C. § 1332(a) and (d). We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). In this review, "[w]e accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (internal quotation marks and citation omitted).

> request for lower limits of coverage).
> Purchase of uninsured motorist and
> underinsured motorist coverage is
> optional.

75 Pa. Cons. Stat. § 1731(a). An individual may elect to forgo such coverage by executing a statutorily created waiver form. *Gibson*, 994 F.3d at 186-87 (citing § 1731(c)). If an individual does not do so, as a default rule, she receives UIM coverage equal to her policy's "bodily injury limit." *Id.* at 187.

Nevertheless, section 1734 provides:

> A named insured may request in writing
> the issuance of coverages under section
> 1731 (relating to availability, scope and
> amount of coverage) in amounts equal to
> or less than the limits of liability for
> bodily injury.

75 Pa. Con. Stat. § 1734. Under this provision, an individual, then, may request a policy with UIM-coverage limits that are less than her bodily injury-coverage limits as long as she executes a written request to that effect. *Gibson*, 994 F.3d at 187.

On appeal, Geist contends that the District Court misinterpreted sections 1731 and 1734. She argues that, contrary to the District Court's conclusion, these statutes require an insurer to obtain a written election to provide UIM-coverage limits lower than bodily injury-coverage limits when a policyholder adds a new vehicle to an existing automobile insurance policy, and, if the insurer fails to do so, it must

7

provide UIM-coverage limits equal to the bodily injury-coverage limits. We disagree.[4]

Our inquiry begins and ends with the statutory text. *See Migliori v. Cohen*, 36 F.4th 153, 162 n.56 (3d Cir. 2022). Both we and the Supreme Court of Pennsylvania have recognized that sections 1731 and 1734 mean no more than what they state. *See Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 231 (3d Cir. 1992); *Blood v. Old Guard Ins. Co.*, 934 A.2d 1218, 1226-27 (Pa. 2007) (approving the Third Circuit's analysis in *Resseguie*). Under section 1731, an insurer's "deliver[y] or issu[ance]" of a "policy" triggers its obligation to provide UIM coverage. *See also Blood*, 934 A.2d at 1226. Section 1734, in turn, provides a process that governs how much coverage that insurer must provide when it "*issue*[*s*] a policy." *Blood*, 934 A.2d at 1226 (internal quotation marks omitted); *see also Lewis v. Erie Ins. Exch.*, 793 A.2d 143, 149 (Pa. 2002) (explaining that sections 1731 and 1734 should be interpreted together). Once an insurer receives a signed election from the insured that includes "an express designation of the amount of coverage requested," it may *issue that policy* with the insured's requested limit. *Orsag v. Farmers New Century Ins.*, 15 A.3d 896, 901 (Pa. 2011) (quoting *Lewis*, 793 A.2d at 153); *see also Gibson*, 994 F.3d at 187. The insurer need not do any more to

---

[4] Geist has moved for us to certify this question to the Supreme Court of Pennsylvania, arguing that it should resolve this important question of first impression. Though her appeal presents a question of statutory interpretation that the Supreme Court of Pennsylvania has not yet resolved, we need not certify this question, as we, for the reasons explained below, find that its answer is clear. *See United States v. Defreitas*, 29 F.4th 135, 141-42 (3d Cir. 2022).

fulfill its obligations under sections 1731 and 1734 during the life of that policy. *See Blood*, 934 A.2d at 1227 (holding that the insureds' decision to change liability coverage did not trigger any additional duties under the MVFRL when the insurer issued the policy with UIM coverage after receiving an executed request for reduced UIM coverage limits).

State Farm discharged its statutorily imposed duty in 2010. That year, Geist's parents sought an automobile insurance policy that included UIM coverage, and State Farm issued the Policy with UIM-coverage limits of $50,000 per person / $100,000 per accident after it received an executed written document that requested these limits. And no events in the years before Geist's accident triggered sections 1731 and 1734's obligations because, as Geist concedes, State Farm never issued a new policy to her parents. So the MVFRL never required State Farm to seek a new written election for lower UIM-coverage limits under the Policy.

Geist insists otherwise, but she cannot overcome the MVFRL's plain text. *See Gibson*, 994 F.3d at 187 ("If the language be clear[,] it is conclusive. There can be no construction where there is nothing to construe." (quoting *Resseguie*, 980 F.2d at 231)). She contends that section 1734 requires an insurer to seek a new written election whenever the insured seeks to purchase additional UIM coverage whether or not the insurer would provide that coverage as part of a new or existing policy. Sections 1731's and 1734's text, however, forecloses her reading because these provisions establish that the issuance of a policy, not the purchase of coverage, triggers the duty to seek an election of UIM-coverage limits.

9

Geist's recourse to the Supreme Court of Pennsylvania's decision in *Barnard v. Travelers Home & Marine Insurance Co.*, 216 A.3d 1045 (Pa. 2019), proves similarly unpersuasive. In that case, relying on the provision's plain meaning, the court held that, under 75 Pa. Cons. Stat. § 1738(c), "an insurance company must offer an insured the opportunity to waive stacking any time she acquires UIM coverage for more than one vehicle, regardless of whether this acquisition occurs when she initially applies for an insurance policy or when she subsequently increases her UIM coverage limits for multiple vehicles." *Barnard*, 216 A.3d at 1054. While section 1738(c) provides that "[e]ach named insured *purchasing* uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage," section 1731(a) contains no similar language. (emphasis added). Instead, under that provision, the "deliver[y] or issu[ance] for delivery" of a "policy" triggers the opportunity to waive UIM coverage limits. *Id.* § 1731; *see also id.* § 1734 (allowing an insured to obtain lower UIM-coverage limits through a written request). Though Geist invites us to do so, we cannot ignore the legislature's decision to tie the duty to seek an election of UIM-coverage limits to the issuance of a policy rather than the purchase of coverage.[5] *See Bruni v. City of Pittsburgh*, 941

---

[5] The *Barnard* court also heeded these same differences in statutory language, distinguishing its decision from others that considered section 1731's and 1734's language. *See* 216 A.3d at 1053 & n.8 ("[A]lthough prior cases have held that initial insurance selections and rejections remain effective regardless of subsequent changes to the insurance policy, . . . none of these cases addresses the acquisition of additional UIM

10

F.3d 73, 86 (3d Cir. 2019) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (citation omitted)).

At bottom, we must adhere to the MVFRL's text. *See Blood*, 934 A.2d at 1227 ("This Court is without authority to write new requirements into the MVFRL where the statutory language is without ambiguity."). Neither section 1731 nor section 1734 of the MVFRL required State Farm to seek a new written election of UIM-coverage limits when her parents insured a new vehicle, so Geist has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).[6]

## III.

The MVFRL requires insurers to seek elections of lower UIM-coverage limits only when they issue policies. State Farm discharged this duty, and, as her father elected a UIM-coverage limit of $50,000, Geist may not recover any amount in excess of this limit. For this reason, we will affirm the District Court's order.

---

coverage for multiple vehicles under Subsection 1738(c)." (footnote omitted)).

[6] The District Court did not err in dismissing her claim with prejudice because further amendment would be futile. *See Talley*, 15 F.4th at 285 n.6.

11