**CLD-061**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2571
_____

LARITA A. BROWN,
Appellant

v.

KEYSTONE HUMAN SERVICES; CASE MANAGEMENT UNIT; POLICE
DEPARTMENT; DAUPHIN COUNTY HOUSING AUTHORITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00249)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2022

Before: GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: February 13, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Larita Brown, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing her complaint for failure to state a claim. For the reasons that follow, we will summarily affirm.

I.

In February 2021, Brown filed a civil rights action pursuant to 42 U.S.C. § 1983 against "various" police departments, Keystone Human Services, Case Management Unit ("CMU"), and the Dauphin County Housing Authority. Brown's complaint alleged that the Defendants "conspired to deprive me of my civil rights," and "are making concerted efforts to deprive me of my freedom, food, housing, healthcare, safety, income and more." D.Ct. ECF No. 1 at 3-4. Brown asserted that the "police beat me, lied on me and framed me," and that she was "sued/forced off of my housing due to the endeavors/fabrications of defendants. All parties have framed me as a suicidal miscreant who needs to be institutionalized." Id. Brown also filed a motion for the appointment of counsel. See D.Ct. ECF No. 5.

A Magistrate Judge screened Brown's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined that it failed to state a claim upon which relief may be granted. See D.Ct. ECF No. 7. Brown was given thirty days to file an amended complaint. Because her complaint "as written" lacked arguable merit and did not "allege any plausible claim," her motion for appointment of counsel was denied. D.Ct. ECF No. 8 at 7. Brown was "invited to file a new motion requesting the appointment of counsel" once she filed an amended complaint. Id.

2

Despite being granted multiple extensions of time, Brown did not file an amended complaint.[1]  Accordingly, a Magistrate Judge recommended that the complaint be dismissed for failure to state a claim, and that further opportunity to amend would be futile given Brown's failure, despite ample time, to file an amended complaint.  See D.Ct. ECF No. 18.  Brown filed objections to the Report and Recommendation, see D.Ct. ECF No. 19, but those objections failed to address any of the deficiencies in the complaint noted by the Magistrate Judge.  The District Court adopted the Report and Recommendation and dismissed Brown's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See D.Ct. ECF No. 20.  Brown filed a timely notice of appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e).  Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (cleaned up).  "In assessing

---

[1] Brown did, however, file a document entitled "Injunction," in which she alleged that the Williamsport shelter was refusing to help her and asserted that they were conspiring with the defendants to have her committed to a mental hospital.  See D.Ct. ECF No. 13 at 1. The motion was deemed withdrawn when Brown did not file a brief in support as required by the District Court's Local Rule 7.5.  The District Court noted as well that if Brown wished to assert any claim against the Williamsport shelter, she should do so in her amended complaint.  See D.Ct. ECF No. 17.  We discern no error in the District Court's denial of Brown's request for an injunction, or in the denial of her motion for the appointment of counsel.

the Complaint, we are mindful of our obligation to liberally construe a pro se litigant's pleadings." Dooley, 957 F.3d at 374 (cleaned up). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

Brown's claims are brought pursuant to § 1983, which "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 146 (3d Cir. 2005). We agree with the District Court's dismissal of Brown's claims for substantially the reasons stated in the Magistrate Judge's Report and Recommendation. First, even if Brown had specifically identified the "various" police departments listed as defendants, her claims against them nonetheless fail as a matter of law. While local governmental units may constitute "persons" against whom suit may be brought under § 1983, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), municipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, see Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997), and thus may not be sued separately under § 1983.

To the extent that the Dauphin County Housing Authority is a municipal entity or other local government unit, Brown has not alleged that the asserted violations of her rights were the result of a policy or custom as would be necessary to implicate municipal liability under § 1983. See Monell, 436 U.S. at 694 ("[A] local government may not be

4

sued under § 1983 for an injury inflicted solely by its employee or agents. Instead, it is when execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under § 1983.").

Finally, as noted in the Report and Recommendation, it does not appear that defendants CMU and Keystone Health Services are state actors, in which case they are not proper defendants under § 1983. To the extent that Brown alleges a § 1983 conspiracy claim involving CMU, Keystone Health Services, and the Dauphin County Housing Authority, the District Court properly dismissed it as vague and conclusory. As Brown failed to allege any plausible claims relating to the deprivation of her civil rights, any conspiracy claim involving the deprivation of those rights by defendants CMU and Keystone Health Services likewise fails.

Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.