**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No 22-2349
_____

JOHN BUTLER,
                              Appellant

v.

HOWARD SISSEM; SGT DELANEY, sued in their individual capacities;
JERI SMOCK; MIKE EDWARDS; JOSE BOGGIO; MICHAEL CLARK,
         sued in their individual and official capacities.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00141)
Magistrate Judge:  Hon. Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2023
Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed August 4, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant John Butler, a Pennsylvania state inmate proceeding in forma pauperis, appeals from the District Court's[1] orders granting summary judgment and judgment on the pleadings in favor of the Defendants as to all of Butler's claims. In three separate orders, the District Court dismissed all of Plaintiff's claims either for failure to exhaust administrative remedies or for failure to demonstrate a genuine issue of material fact as to the essential elements of his claims. We will affirm.

Butler, who appears to have a serious heart condition, filed his complaint in May 2018, alleging that certain officials and medical staff[2] at the State Correctional Institution at Albion (SCI-Albion) were deliberately indifferent to his medical needs and subjected him to unlawful retaliation for filing grievances in relation to those needs, in violation of the First, Eighth, and Fourteenth Amendment.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's orders. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). To avoid dismissal on the pleadings, a complaint, accepted as true, must "state a claim that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79

---

[1] A Magistrate Judge presiding with the consent of the parties.
[2] Butler brought claims against Sissem (correctional captain), Delaney (correctional officer), Smock (health care administrator), Edwards (registered nursing supervisor), and Clark (prison superintendent) (collectively, DOC Defendants) and against his former prison doctor, Boggio.

2

(2009). Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The District Court granted summary judgment in favor of the DOC Defendants. Although we construe Butler's briefing liberally, see Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (noting a court's obligation to liberally construe pro se filings), we cannot conclude that his opening brief has preserved a challenge to the District Court's order granting summary judgment in favor of the DOC Defendants. Accordingly, we deem these undeveloped issues forfeited. See United States v. Pellulo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); Emerson v. Thiel College, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (concluding that a pro se litigant waived certain claims on appeal for failure to address the claims in his briefing). The remainder of our discussion focuses on the District Court's orders in relation to Boggio.

Butler claimed that Boggio exhibited deliberate indifference to his medical needs in December 2016 and January 2017, respectively—first, by causing a 45-minute delay in treating his condition, and second by inappropriately refusing to schedule an emergency room follow-up appointment because it would cost too much. Although Butler argues on appeal that the grant of summary judgment was inappropriate because his claims raised a genuine dispute of material fact, he has not demonstrated the materiality of any factual

3

dispute regarding these two incidents. See Estelle v. Gamble, 429 U.S. 97, 104-106 (1976) (explaining that mere negligence or medical malpractice is not enough for a Plaintiff to establish an Eighth Amendment violation, instead, a plaintiff must establish that a defendant intentionally denied or delayed access to medical care or intentionally interfered with the treatment once prescribed); Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987) (noting that "mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment violation).

Butler also claimed that, on or around February 18, 2017, Boggio refused to order a medical re-assignment to a bottom tier bunk in retaliation for Butler's filing of grievances. We agree with Butler and the District Court that this allegation is sufficient to raise a genuine dispute of material fact. However, we will affirm the District Court's entry of judgment on the pleadings in favor of Boggio for Butler's failure to exhaust his administrative remedies.

In his opening brief, Butler references exhaustion of this claim only once, and simply to state that the claim was, in fact, exhausted. Butler's briefing has not addressed the District Court's reasons for concluding that the claim was not exhausted. This is not sufficient to raise the issue on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993) (noting "that under Federal Rule of Appellate Procedure 28(a)(3) and (5) and Third Circuit Local Appellate Rule 28.1(a), appellants are required to set forth the issues

4

raised on appeal and to present an argument in support of those issues in their opening brief"); Simmons v. City of Philadelphia, 947 F.2d 1042, 1065 (3d Cir.1991) (explaining that reference in "passing" to an issue in a brief will not suffice to bring that issue before this Court on appeal, and that "absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations"); see also Rinaldi v. U.S., 904 F.3d 257, 268 ("[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him.").

Accordingly, we will affirm.

5