**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2433
_____

DANIEL J. RICHARDSON,
                              Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
JOHN DOE Agents JMZ-0456, JTV-0031, KHK-4064, LFT-1319
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00434)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 17, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Daniel Richardson, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. For the following reasons, we will affirm the judgment of the District Court.

Richardson commenced this action by filing a complaint in the District Court in March 2022. He named as defendants the Federal Bureau of Investigation and an unknown number of John Doe federal agents. Although the FBI was named as a defendant in the caption, the allegations in the amended complaint never mentioned any specific agency or any agent's name, only license-plate numbers and addresses that Richardson alleged to belong to the agents. He served the complaint on the FBI and the United States Attorney's office, but not on any individual defendant.

The FBI moved to dismiss the initial complaint, appending to the motion a declaration that none of the license-plate numbers or addresses were associated with the FBI and that Richardson was unknown to the FBI, aside from complaints he had previously lodged regarding these same allegations.[1] See generally ECF Nos. 14 & 14-1. The District Court granted the motion but provided Richardson with leave to amend.

Richardson filed an amended complaint after expiration of the time that the District Court had allowed. The amended complaint alleged that, beginning "on or around September 11, 2015, [Richardson] became the target of a group of unruly federal agents

_____

[1] In addition to this direct contact with the FBI and a member of Congress, see ECF No. 14-1, Richardson also filed a similar complaint in the District Court in 2017, which was dismissed upon screening under 28 U.S.C. § 1915(e)(2), see Order, Richardson v. U.S. Gov't, No. 3:17-cv-00757, at ECF No. 8 (M.D. Pa. June 22, 2017).

in the city of Scranton, PA." ECF No. 20 at 1. Richardson claimed that from that date, "every day, every hour, every minute, every month, every year to the present day," he was "stalked" and "followed" by "30 or more" agents, whom he again identified only by license-plate numbers and addresses. Id. at 2. He further alleged that the agents used a "large, helicopter[-]like, drone[-]like manned or unmanned aircraft or aerial object that resembles a large missile of some sort, by pointing such object from the sky laser accurate onto [him] . . . and recording his every move." Id. at 3. He claimed to have been "hospitalized in the psychiatric unit . . . several times, after being attacked by such airborne object." Id.

The FBI moved to dismiss the amended complaint. A Magistrate Judge recommended granting the motion to dismiss, concluding that Richardson's claims were time barred and, alternatively, that he had failed to state a claim to relief. The District Court adopted that recommendation and dismissed the complaint. Richardson appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Richardson's complaint and may affirm on any basis supported by the record. See Host Int'l v. MarketPlace PHL, LLC, 32 F.4th 242, 247 n.3 (3d Cir. 2022) (citations omitted). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (cleaned up). Pleadings of pro se litigants like Richardson are construed liberally, but "pro se litigants still must allege sufficient facts in their complaints to support a claim." See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). When reviewing a

3

complaint challenged by a motion to dismiss, we disregard formulaic recitation of the elements of a claim, legal conclusions, and threadbare or speculative assertions, then we evaluate the plausibility of the remaining allegations. See Lutz v. Portfolio Recovery Assocs., 49 F.4th 323, 327–28 (3d Cir. 2022) (citations omitted).

The District Court correctly concluded that Richardson's speculative allegations failed to state a claim to relief. A plaintiff seeking to impose liability on a federal agent or official must state each defendant's participation in—or actual knowledge of and acquiescence to—the alleged wrongs. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3rd Cir. 1988). The complaint must contain a description of "the conduct, time, place, and persons responsible" for the alleged harm. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). A mere hypothesis about a defendant's knowledge or involvement will not suffice. See Rode, 845 F.2d at 1208.

Here, Richardson's amended complaint consistently refers to a "group of agents" of varying numerical size, rather than alleging specific conduct by specific defendants. See ECF No. 20 at 2–3. The amended complaint therefore failed to state a claim to relief because the allegations in it were not sufficiently detailed or plausible to allow the District Court to reasonably infer that any individual defendant was liable for any specific misconduct. See Iqbal, 556 U.S. at 678 (explaining that a complaint will survive dismissal if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Richardson's amended complaint, in which he generally alleged that he was subject to

4

prolonged surveillance and harassment by numerous unnamed and unidentifiable government officials, does not contain the required "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Finally, because the District Court already received one amended complaint from Richardson and reasonably determined that further amendment would be futile, declining to grant leave to amend again was proper. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.