**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2465
_____

KAREN TUCKER,
                                    Appellant

v.

MARC I. SIMON, ESQ.; SIMON & SIMON, PC; JOHN DOE ASSOCIATES;
ZACK WILDSMITH; ERIC NEIMAN; CHRISTOPHER GREEN; DANIEL WARD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-15357)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 7, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: August 15, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Karen Tucker, who brought a legal-malpractice lawsuit in the District Court against her former counsel, appeals from the District Court's decisions dismissing her amended complaint and denying her related motions for reconsideration. For the reasons that follow, we will vacate the District Court's judgment and remand for further proceedings.

## I.

In 2016, while driving in New Jersey, Tucker was rear-ended by another motorist, Opal Stockwell. Tucker's treating physician opined that, as a result of the collision, Tucker sustained permanent injuries to several discs in her spine.

After the accident, Tucker retained the law firm of Simon & Simon, PC ("the Firm"), and filed a negligence lawsuit against Stockwell in the New Jersey Superior Court's Law Division ("the Law Division"). That case proceeded to mandatory, non-binding arbitration pursuant to Superior Court Rule 4:21A-1(a)(1). On March 26, 2019, the arbitrators issued a no-cause-for-action determination, concluding that although Stockwell was wholly responsible for the collision, Tucker was not entitled to a monetary award because Tucker failed to satisfy the so-called "verbal threshold" requirement set forth in N.J. Stat. Ann. § 39:6A-8(a).[1]

---

[1] The "verbal threshold" "is a cost-containment measure that provides lower premium payments in exchange for a limitation on the insured's right to sue for noneconomic damages." Agha v. Feiner, 965 A.2d 141, 147 (N.J. 2009). It "restricts suits for such damages unless the victim 'sustain[s] a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a *permanent injury* within a reasonable degree of medical probability,

Under New Jersey law, if Tucker wished to challenge the arbitrators' decision, she had to petition the Law Division "within 30 days of the filing of [that] decision for a trial de novo or for modification or vacation of [that] decision." N.J. Stat. Ann. § 2A:23A-26; see N.J. Super. Ct. R. 4:21A-6(b)(1). On March 28, 2019 (two days after the arbitrators filed their decision), Marc Simon (one of the Firm's attorneys) sent Tucker a letter, indicating that the Firm would not be filing such a challenge. The letter stated as follows:

> Dear Sir or Madam:
>
> Enclosed is a copy of the Award of Arbitrators from your recent hearing. As you can see, the panel entered an award in the amount of $0.00, which we will not be appealing. Understanding that should no appeal be filed within thirty (30) days of the date of the award, said award will be entered by the Court as a final Judgment, and your lawsuit will be over.
>
> Please be advised that you have the right to speak to another attorney regarding your rights in this matter including, but not limited to appealing the arbitration award within thirty (30) days of the date of the award.
>
> Should you have any questions or concerns, please do not hesitate to contact me.

Dist. Ct. Dkt. No. 1-1, at 110.

On April 26, 2019 — 31 days after the arbitrators filed their decision — Tucker "attempted to file a pro se demand for a trial de novo," but that pro se submission "was rejected because she was still represented by counsel." Tucker v. Stockwell, No. A-0088-19, 2021 WL 1396758, at *1 (N.J. Super. Ct. App. Div. Apr. 14, 2021) (per

_____

other than scarring or disfigurement.'" Id. (alteration in original) (quoting N.J. Stat. Ann. § 39:6A-8(a)).

curiam). Three days later, Stockwell moved the Law Division to confirm the arbitrators' decision. The Firm then moved to withdraw as counsel on May 6, 2019. Later that month, the Law Division held a hearing on Stockwell's motion to confirm. An attorney from the Firm appeared at that hearing on Tucker's behalf but did not oppose the motion. As a result, the Law Division granted the motion to confirm. The Law Division subsequently granted the Firm's motion to withdraw.

Next, Tucker filed a pro se motion to reinstate her complaint against Stockwell. The Law Division denied that motion, and then Tucker filed a pro se appeal challenging that denial. In April 2021, the Superior Court's Appellate Division affirmed that denial, relying on the "unambiguous" 30-day deadline for challenging an arbitrator's decision, and "the legislative intent that [this deadline] be strictly enforced." Id. at *3.

A few months later, Tucker filed in the District Court the pro se legal-malpractice lawsuit that is now before us, suing the Firm, Simon, and certain other lawyers from the Firm (hereinafter collectively referred to as "Appellees").[2] Tucker's amended complaint — the operative pleading[3] — appeared to revolve around the contention that Appellees should have moved to withdraw as counsel in the state-court action before the expiration of the 30-day deadline, which would have enabled Tucker to timely file a pro se

---

[2] Tucker invoked the District Court's diversity jurisdiction, see 28 U.S.C. § 1332, averring that she is a citizen of New Jersey, and that Appellees are citizens of Pennsylvania.

[3] At some points in the record, this pleading is referred to simply as "the complaint." For clarity's sake, all references to this pleading in our opinion use the term "amended complaint."

challenge to the arbitrators' decision. The amended complaint sought $3.1 million in compensatory damages, among other relief.

Appellees moved to dismiss Tucker's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 3, 2023, the District Court granted that motion and dismissed the amended complaint with prejudice, concluding that Tucker "cannot plausibly allege that [Appellees] breached a duty owed to [her]." Dist. Ct. Dkt. No. 26, at 7. About a week later, Tucker filed a notice of appeal and moved the District Court for reconsideration. The Clerk of this Court stayed this appeal pending the District Court's resolution of that motion. Tucker then filed in the District Court what amounted to a supplemental motion for reconsideration.

The District Court denied reconsideration on January 24, 2024. Tucker then timely amended her notice of appeal to include a challenge to that decision.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[4] We exercise plenary review over a district court's order granting a defendant's Rule 12(b)(6) motion, see Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021), and we review a district

---

[4] To the extent that Tucker, in bringing this appeal, purports to rely on evidence that was not part of the District Court record, such evidence is not properly before us, and we have not considered it in resolving this appeal. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (indicating that a party may supplement the record on appeal in only "exceptional circumstances").

court's order denying reconsideration for abuse of discretion, see Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018).[5]

Under New Jersey law,[6] "a legal malpractice action has three essential elements: (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." Jerista v. Murray, 883 A.2d 350, 359 (N.J. 2005) (internal quotation marks omitted). In this case, the District Court concluded that dismissal was warranted because Tucker "cannot plausibly allege that [Appellees] breached a duty owed to [her]." Dist. Ct. Dkt. No. 26, at 7. In reaching that conclusion, the District Court stated that Tucker did not "allege that [Appellees] were . . . aware of her desire to appeal the arbitration award." Id. at 4; see also id. at 7 ("Absent direction from their client, [Appellees] did not owe and, therefore, could not have breached a duty to appeal the arbitration award or to withdraw as [Tucker's] counsel of record."). But Tucker's amended complaint *did* include such an allegation. See Dist. Ct. Dkt. No. 6, at 34 (alleging that "Marc I. Simon, Defendant(s) *knew that Karen Tucker wanted to file an appeal* and did file as a pro se[] plaintiff an appeal Trial De Novo" (emphasis added)).[7]

---

[5] Tucker's appellate briefing also purports to challenge an order entered on August 24, 2023. But the District Court entered no order on or around that date. To the extent that Tucker is referring to the Clerk's August 24, 2023 stay order, any challenge to that order is meritless. See Fed. R. App. P. 4(a)(4)(A).

[6] "As a federal court sitting in diversity, we are required to apply the substantive law of the state whose laws govern the action." Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008) (internal quotation marks omitted).

[7] That allegation seems to find support in an email that Tucker later submitted as an exhibit to her motion to amend her response to Appellees' motion to dismiss. See Dist.

6

The District Court did not consider whether Tucker could state a claim under the second element of the legal-malpractice test if Appellees knew she wanted to challenge the arbitrators' decision. Nor did the District Court reach Appellees' alternative argument that dismissal was warranted because Tucker had not alleged sufficient facts to meet the third element of the test. "We ordinarily decline to consider issues not decided by a district court, choosing instead to allow that court to consider them in the first instance." Forestal Guarani S.A. v. Daros Int'l, Inc., 613 F.3d 395, 401 (3d Cir. 2010). Because we see no compelling reason to depart from that general practice here, we will vacate the District Court's decision dismissing Tucker's amended complaint and remand for further proceedings.[8] Although Tucker alleges that the District Judge was biased against her, we see no evidence of any bias, see generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"), and we see no need for this case to be reassigned to a different district judge on remand.[9]

---

Ct. Dkt. No. 20-1, at 22. In that email, dated March 31, 2019 (the day after Simon sent the no-appeal letter to Tucker), Tucker asked Nick Fiore, the Firm's "Litigation Coordinator" to "copy the documents or give me the entire record within 5 calendar day[s] *so I can file an appeal*." Id. (emphasis added).

[8] In view of this disposition, we need not, and do not, decide whether the District Court erred in denying Tucker's motions for reconsideration.

[9] Appellees' motion to "strike the citations in Tucker's Informal Brief and Supplemental Informal Brief of all documents that . . . were not part of the District Court record," 3d Cir. Dkt. No. 24, at 4, is denied as unnecessary. See supra note 4. To the extent that Tucker seeks oral argument, or any other relief (aside from vacatur and remand), such relief is denied.