**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3203
_____

MARK BRENTLEY, SR.,
                                        Appellant

v.

CITY OF PITTSBURGH; MIKE GABLE; WILLIAM PEDUTO; TYRONE CLARK;
CYNTHIA N. MCCORMICK; LINDA JOHNSON-WASLER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00489)
District Judge:  Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 11, 2024

Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: November 6, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Mark Brentley, Sr., appeals pro se from the District Court's order dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his third amended complaint brought against the City of Pittsburgh and several individuals (hereinafter collectively referred to as "Defendants"). For the reasons that follow, we will affirm that judgment.

I.

Brentley worked for the City of Pittsburgh's Department of Public Works. In 2019, he was suspended pending termination after "disputing [that] he had to work a night shift." Suppl. App. at 7.[1] Defendants told Brentley to write a letter explaining why his employment should not be terminated. He did so, and Defendants agreed not to terminate his employment if he signed a "Last Chance Agreement" ("LCA"). When Brentley refused to sign the LCA, his employment was terminated. He then appealed his termination to the City of Pittsburgh's Civil Service Commission ("the Commission").

In that appeal, Defendants took the position that Brentley had quit, not that he had been terminated. The Commission held a hearing and reinstated Brentley's employment, "find[ing] that the City has not provided sufficient testimony and evidence pertaining to whether [he] was terminated or quit." Id. at 28. The Commission's decision to reinstate

---

[1] Because this case was adjudicated at the motion-to-dismiss stage, we accept the allegations in Brentley's third amended complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We also may "consider documents integral to or explicitly relied upon in [that pleading]." Id.

2

Brentley's employment came with the condition that he sign the LCA. Brentley signed the LCA the next day, but he wrote "I am signing this Agreement under duress" above his signature. Id. at 18. Because he wrote that note, his employment was terminated again, effective immediately.

After Brentley's employment was terminated the second time, he commenced this pro se lawsuit against Defendants. Brentley's third amended complaint raised claims of racial discrimination (under Title VII and the Pennsylvania Human Relations Act), wrongful termination, retaliation, and defamation. Defendants subsequently moved to dismiss that pleading pursuant to Rule 12(b)(6). In November 2023, the District Court granted that motion, dismissed Brentley's claims with prejudice, and directed the District Court Clerk to close the case. This timely appeal followed.[2]

II.

Brentley's opening brief does not mention his retaliation or defamation claims. Additionally, that brief does not challenge the District Court's conclusion that his racial-discrimination claim was subject to dismissal for lack of exhaustion. Accordingly, we deem those three claims forfeited. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024); see also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

136, 147 (3d Cir. 2017) ("[W]e will not reach a forfeited issue in civil cases absent truly exceptional circumstances." (internal quotation marks omitted)).

All that remains is Brentley's wrongful-termination claim.[3]  Liberally construed, this claim alleges that Brentley's procedural due process rights were violated because he was not afforded a hearing in the time between the issuance of the Commission's decision and his second termination.  The District Court concluded that Brentley's failure to appeal the Commission's decision was fatal to this claim.

We agree with the District Court.  As mentioned above, the Commission, after holding a hearing, required Brentley to sign the LCA as a condition of his reinstatement.  Brentley had a vehicle for expressing his disagreement with that condition — he could have filed an appeal from the Commission's decision in Pennsylvania state court.  See 2 Pa. Cons. Stat. Ann. § 752; McDaniels v. Flick, 59 F.3d 446, 460-61 & n.8 (3d Cir. 1995).  But he did not file that appeal; instead, he included the "under duress" notation above his signature on the LCA, which led to his second termination.  Brentley's failure to take advantage of the process afforded to him under Pennsylvania law dooms his claim that the lack of a second hearing violated his procedural due process rights.  See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."); see also id.

---

[3] Contrary to Defendants' argument, we conclude that Brentley has preserved this claim for appellate review.

("If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants.").

In view of the above, we will affirm the District Court's judgment.